IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *ex rel.* ANN HOWARD, | ) | |
| | ) | |
| Relator, | ) | No. 03 C 7668 |
| | ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| | ) | |
| URBAN INVESTMENT TRUST, INC., | ) | |
| an Illinois corporation and its successor, | ) | |
| RM HOLDINGS; SYNERGY | ) | |
| AFFILIATES, LLC, an Illinois limited | ) | |
| liability company, and RUDY MULDER, | ) | |
| ROXANNE GARDNER, and | ) | |
| JOHNNY TERZAKIS, individuals, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on two separate motions to dismiss the plaintiff's third amended complaint. Defendant Urban Investment Trust, Inc. ("Urban") and its successor RM Holdings, and individual defendants Rudy Mulder, Roxanne Gardner, and Johnny Terzakis ("the individual defendants") move to dismiss plaintiff's third amended complaint in its entirety for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6). Synergy Affiliates, LLC ("Synergy") moves to dismiss Count III of plaintiff's third amended complaint, plaintiff's only claim against Synergy, also for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6). For the following reasons, Urban and the individual defendants' motion is granted with respect to Count III and denied with respect to Counts I and II. Synergy's motion is denied.

**BACKGROUND**

Plaintiff Ann Howard's well-pleaded allegations, which the court treats as true and views in a light most favorable to the plaintiff for purposes of this motion, are as follows. Howard was employed by Synergy, which then assigned her to work at Urban. Howard began doing work for Urban in June, 2000 as Senior Residential Accountant. In her position at Urban, Howard had access to the CHA's accounting information. Between 2000 and the summer of 2002, Urban was the property manager for residential and commercial properties owned and operated by the United States Department of Housing and Urban Development ("HUD") and the CHA. Urban had a contract with the CHA that prohibited Urban from using money in CHA-HUD accounts for any purposes other than those listed in the contract. Under the terms of the contract, Urban was permitted to deduct funds from the CHA accounts for housing expenses and payroll, but was prohibited from using government money for personal uses.

Howard alleges that in early 2000, she observed that the CHA bank accounts did not reconcile with the CHA tenant ledgers and that the money missing from the CHA accounts had been deducted by Urban without proper supporting documentation. Howard alleges that Urban manager Peter Mori told Howard that Urban would return the money to the CHA accounts by the end of the year and that she should reconcile the accounts as if the money was there. Howard reconciled the bank accounts to indicate that the withdrawals had never occurred. Howard alleges that this was the only time that she reconciled the bank accounts and that in April, 2002, after Howard subsequently refused to further reconcile the accounts, Mori hired another employee who assumed many of Howard's responsibilities. Howard alleges that on June 1, 2002, she called Synergy and spoke to a woman named Madeline who told Howard that

2

Madeline had heard about the claims concerning the CHA investigation of Urban's withdrawal of funds from the CHA-HUD accounts and that she would talk to defendant Mulder. The next day, Howard decided to permanently leave her employment at Urban because she felt she was being harassed.

## DISCUSSION

A motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim. *Schuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Chaney v. Suburban Bus. Div. of Reg'l Transp. Auth.*, 52 F.3d 623, 626-27 (7th Cir. 1995) (citations omitted). "Dismissal is properly granted if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

**A.** *Count I-Reverse False Claim*

Howard brings Count I against Urban and the individual defendants under the False Claims Act ("FCA") and alleges a reverse false claim for the creation of a record in order to conceal the embezzlement of CHA-HUD funds. The reverse false claims provision of the FCA provides that a person violates the act if that person "knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(7). Defendants assert that Count I fails to allege a reverse false claim because there is no "record or statement" alleged in the complaint. Defendants also assert that under the FCA, the record or statement asserted must

3

conceal an immediate payment obligation to the government and not some unliquidated or future liability. *See United States ex rel. Lamers v. City of Green Bay*, 998 F.Supp 971, 977 (E.D. Wis. 1998), *aff'd*, 168 F.3d 1013, 1020 (7th Cir. 1999).

Count I of Howard's complaint sufficiently alleges a reverse false claim under the FCA. Count I alleges that Mori, an employee of Urban and an agent of the individual defendants, directed Howard to create a false record by reconciling the differences between the Urban and CHA accounts in order to conceal the embezzlement of CHA-HUD funds. Howard, on one occassion, did create such a record. Count I also alleges that Urban had to return funds to the CHA accounts that were not used during the prior year for payroll and housing expenses. Therefore, Howard has alleged both the existence of a false record and that Urban had an immediate duty to the government to repay the monies taken from the CHA accounts. Accordingly, defendants' motion to dismiss Count I is denied.

**B.** *Count II-Presenting a False Claim*

Howard brings Count II against Urban and the individual defendants under the FCA for presenting a false claim in order to embezzle CHA-HUD funds. The FCA provides that a person violates the act if that person "knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1). The FCA defines a "claim" as:

> any request or demand, whether under a contract or otherwise, for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded, or if the Government will reimburse such contractor,

> grantee, or other recipient for any portion of the money or property which is requested or demanded.

31 U.S.C. § 3729(c).

In their motion to dismiss, defendants assert that Count II fails to allege a false claim because there is no "claim" alleged in the complaint. Defendants rely on case law suggesting that not "any breach of contract, or violation of regulations or law, or receipt of money from the government when one is not entitled to receive the money, automatically gives rise to a claim under the FCA. *See, e.g., United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1265 (9th Cir. 1996). However, Count II sufficiently pleads a claim for embezzlement under the FCA. The Supreme Court has held that "all fraudulent attempts to cause the Government to pay out sums of money" qualify as false claims under the FCA. *United States v. Neifert-White Co.*, 390 U.S. 228, 233 (1968). Furthermore, the taking of government money by a defendant for her own benefit constitutes a false claim even when an actual demand for the money was never made. *United States v. McCleod*, 721 F.2d 282, 284 (9th Cir. 1983). Count II alleges that Urban and the individual defendants embezzled CHA-HUD funds for their personal use, which Howard alleges constitutes a false claim even though an actual demand for money was never made. These allegations are sufficient to plead a violation of the FCA for purposes of a motion to dismiss. Accordingly, defendants' motion to dismiss Count II is denied.

## C. *Count III-Constructive Discharge*

Howard brings Count III of the third amended complaint against all defendants for constructive discharge under the FCA. The FCA provides that

>any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section shall be entitled to all relief necessary to make the employee whole.

31 U.S.C. § 3730(h).

### 1. Constructive Discharge-Urban and the individual defendants

Count III alleges that Urban and the individual defendants constructively discharged Howard in violation of the FCA by harassing her and forcing her to leave her employment after her refusal to participate in allegedly illegal activities. In their motion to dismiss, Urban and the individual defendants assert that they were not Howard's employer and thus cannot be liable for constructive discharge because a claim for breach of an employment relationship can only be asserted against the employer. Howard's complaint clearly states that she was employed by Synergy, which then assigned her to work at Urban. Simply put, this made Synergy Howard's employer, not Urban. Because Urban and the individual defendants are not Howard's employer, she cannot bring an action against them under 31 U.S.C. § 3730(h). Accordingly, Urban and the individual defendants' motion to dismiss Count III is granted.

### 2. Constructive Discharge-Synergy

Count III further alleges that Synergy constructively discharged Howard in violation of the FCA by failing to prevent the harassment that led to Howard leaving her employment after refusing to participate in illegal activities. In its motion to dismiss, Synergy claims that the complaint fails to assert a claim against Synergy for constructive

6

discharge because the complaint does not allege that Synergy was involved in the alleged unlawful acts committed by Urban and the individual defendants. Synergy asserts that Howard's only allegation with respect to Synergy is that Howard called Synergy the day before leaving her employment at Urban and that Howard spoke to a woman named Madeline who told Howard that "[Madeline] had heard about the claims and would talk to Mulder." Synergy asserts that because of the short amount of time between this call and Howard's leaving her employment, Synergy had no time to act so as to have constructively discharged Howard.

Because the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff on a Rule 12(b)(6) motion to dismiss, we find that Howard has sufficiently alleged a claim for constructive discharge against Synergy. Count III alleges that Synergy was aware of Howard's complaints and Howard's allegations against Urban and the individual defendants prior to Howard's call, and yet made no effort to improve or rectify the situation for Howard. These allegations, although sparse, are sufficiently pleaded for the purposes of a motion to dismiss. Accordingly, Synergy's motion to dismiss Count III is denied.

## CONCLUSION

For the foregoing reasons, Urban and the individual defendants' motion to dismiss [63] plaintiff's third amended complaint is granted with respect to Count III, but denied with respect to Counts I and II. Synergy's motion to dismiss [67] Count III is denied.

It is so ordered.

_____
Wayne R. Andersen
Judge

Date: September 28, 2007