# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel* ANN HOWARD | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 03 C 7668 |
| URBAN INVESTMENT TRUST, INC., SYNERGY AFFILIATES, LLC, RUDY MULDER, ROXANNE GARDNER, and JOHNNY TERZAKIS, | ) ) ) ) ) | |
| Defendants. | ) ) | Wayne R. Andersen District Judge |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendants Urban Investment Trust, Inc. ("Urban") and Johnny Terzakis ("Terzakis") to dismiss Howard's complaint for lack of jurisdiction pursuant to 31 U.S.C. § 3730(b) and Federal Rule of Civil Procedure 12(1). Further, defendant Roxanne Gardner has filed a motion to adopt Urban and Terzakis' motion. For the reasons set forth below, the motion by defendant Roxanne Gardner ("Gardner") to adopt [190] is granted insofar as it seeks to adopt the motion to dismiss filed by Urban and Terzakis. Defendants Urban, Terzakis, and Gardner's motion to dismiss [175] the third amended complaint is denied. Gardner's initial motion to adopt [177] is denied as moot. Finally, Howard's motion for leave to file a fourth amended complaint [188] is granted. The amended complaint is to be filed as a separate document on or before August 28, 2009.

## BACKGROUND

Plaintiff Ann Howard was employed as Urban's Senior Residential Accountant beginning in June of 2000. Her duties included adding and reconciling Urban receivables to the general ledger of the Chicago Housing Authority ("CHA") and the United States Department of Housing & Urban Development ("HUD"). Urban had a contract with the CHA that prohibited Urban from using money in the CHA-HUD accounts for any purposes other than those listed in the contract. Under the terms of the contract, Urban was permitted to deduct funds from the CHA accounts for housing expenses and payroll, but was prohibited from using government money for personal uses.

Howard asserts that toward the end of 2000 she observed that there were large discrepancies between the CHA-HUD bank accounts and the CHA-HUD ledgers because large withdrawals were made from the bank accounts without proper documentation. She alleges that the individual defendants asked her to reconcile the accounts to indicate that the undocumented withdrawals had not occurred and that she did so one time, but then refused to do so on other occasions. Howard further alleges that in April 2002, after she refused to reconcile the accounts to make it appear as if the money was in the accounts when it, in fact, was not, another employee was hired who assumed most of Howard's duties. Howard asserts that she left Urban shortly thereafter because she felt she was being harassed due to her refusal to participate in the unlawful transfers and fraud.

For purposes of this motion, defendants Urban, Terzakis and Gardner (collectively "defendants") do not contest the fact there was money missing from the accounts and that there was an embezzlement. Further, defendants do not dispute that Howard reported the schemes

2

internally to Urban managers and the individual defendants themselves and that two of Howard's superiors then reported the embezzlement schemes to CHA investigators.

After Howard left Urban she then brought this action against Urban, Synegy Affiliates, LLC, Rudy Mulder, Gardner, and Terzakis. The action was initially filed on October 29, 2003 and was placed under seal during the government's investigation of the actions alleged in the complaint. On October 30, 2006, Chief Judge Holderman unsealed the complaint and it became a part of the public record.

Howard's third amended complaint asserts claims in Counts I and II pursuant to the *qui tam* provision of the False Claims Act ("FCA"). *See* 31 U.S.C. § 3730(b). Count III asserts a claim for retaliation and constructive discharge based upon her unwillingness to participate in defendants' embezzlement scheme and her reporting of that embezzlement to her superiors. Defendants Urban and Terzakis now seek to dismiss the third amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil procedure 12(b)(1) and 31 U.S.C. § 3730(e)(4). Defendant Gardner also filed a motion to adopt Urban and Terzakis' motion to dismiss. We grant Gardner's motion to adopt and will treat Gardner as one of the defendants moving for dismissal.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(1) asks the court to dismiss a matter over which it allegedly lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Similar to a Rule 12(b)(6) motion to dismiss, in deciding a Rule 12(b)(1) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1940 (2009)(quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). Further, the complaint must be construed in a light favorable to the plaintiff and the court must accept all material facts alleged in the complaint as true. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A Rule 12(b)(1) motion differs from a Rule 12(b)(6) motion in that the court may look beyond the allegations in the complaint and consider other submitted evidence. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2001). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003)(internal citations omitted).

Here, defendants Urban, Terzakis, and Gardner claim that this case should be dismissed for lack of subject matter jurisdiction pursuant to the FCA's public disclosure bar. 31 U.S.C. § 3730(e)(4). The FCA provides that a court shall not have jurisdiction over a complaint brought by a relator when the complaint is based upon public disclosures of allegations or transactions. 31 U.S.C. § 3730(e)(4)(A). However, there is an exception set forth in sub-section (e)(4)(B) that operates when the plaintiff is the original source of the information alleged in the complaint.

## DISCUSSION

Pursuant to the statutory requirements set forth above, the Seventh Circuit has held that "[t]he inquiry in to whether a court may hear a *qui tam* relator's claim has three parts: (1) Have the allegations made by the plaintiff been 'publicly disclosed'? (2) If so, is the lawsuit 'based upon' that publicly disclosed information? (3) If so, is the plaintiff an 'original source' of the information?" *United States ex rel. Fowler et al. v. Caremark RX, LLC & Caremark Inc.*, 496 F.3d 730, 736 (7th Cir. 2007)(citations omitted). Defendants argue that the allegations in Howard's third amended complaint have been publicly disclosed, the lawsuit is based upon that

publicly disclosed information, and Howard is not an original source of the information. Therefore, defendants claim that Howard's complaint should be dismissed for lack of subject matter jurisdiction pursuant to 31 U.S.C. § 3730(e)(4). We disagree.

**I.      Have the allegations been publicly disclosed?**

First, defendants claim that they have established in their motion that Howard's superiors disclosed the alleged crimes to the appropriate government official, resulting in a public disclosure under the law. Howard's response does not dispute this fact. However, the public disclosure element accounts for only one prong of the test.

**II.     Is the lawsuit based upon publicly disclosed information?**

Second, defendants claim that Howard's suit is barred because her complaint is based upon publicly disclosed information. The Seventh Circuit recently changed its position with respect to the requirements for this prong. The Seventh Circuit no longer adheres to the minority position that a lawsuit must be actually derived from publicly disclosed information, but instead now adheres to the majority position that a complaint under the FCA is "'based upon' publicly disclosed allegations or transactions when the allegations in the relator's complaint are substantially similar to publicly disclosed allegations." *Glaser v. Wound Care Consultants, Inc.*, No. 07 C 4036, 2009 U.S. App. LEXIS 14394, at *23 (7th Cir. July 2, 2009).

Although Howard has not had an opportunity to respond to this new standard, we reviewed the Final Investigative Report prepared by CHA investigator Donald Anderson (Dkt. # 183-4), as well as the affidavit of the president of an Urban subsidiary, Jay Johnson (Dkt # 184), and we find the information contained in them to be substantially similar to the allegations in Howard's complaint. The three accounts implicate the same people, involve the same time

5

period, and set forth the same type of activity, namely improper transfers of funds. Additionally, both the report and the affidavit identify Howard as having discovered the improper transfers and reporting it to her supervisors. Additionally, because Howard alleges that she provided information to the CHA investigators and Johnson, their publicly disclosed reports would be based on the information she gave them and would necessarily be "substantially similar" to the information contained in Howard's complaint. Accordingly, we find that Howard's complaint is based on publicly disclosed information pursuant to the new standard set forth by the Seventh Circuit.

### III. Is Howard an original source?

Despite the fact that Howard's complaint fails the first two prongs of the jurisdictional bar standard set forth in the FCA, her suit may still proceed if she is an original source. *Glaser*, 2009 U.S. App. LEXIS 14394, at *21 ("[t]he original-source exception permits jurisdiction over an FCA action *even if* the relator's lawsuit is based upon publicly disclosed information *provided* that the relator is 'an original source of the information'"). Defendants argue that Howard is not the original source of the information in the complaint because in order to be an original source the government must be voluntarily notified by the source and it was Howard's superiors, not Howard, who prompted the investigation. *United States ex rel. Matthews v. Bank of Farmington*, 166 F.3d 853, 866 (7th Cir. 1999).

Pursuant to the FCA, an "original source" is an individual who has "direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." 31 U.S.C. § 3730(e)(4)(B). This exception exists in order to

6

further the purpose of the FCA, which is to "'encourage persons with *first-hand* knowledge of fraudulent misconduct, or those who are either *close observers or otherwise involved* in the fraudulent activity to come forward.'" *Glaser*, 2009 U.S. App. LEXIS 14394, at *31 (citations omitted).

First, although the Seventh Circuit has never precisely defined "direct" knowledge, other circuits have held that direct knowledge means that the activity was seen "with [the relator's] own eyes." *United States ex rel. Wang v. FMC Corp.* 975 F.2d 1412, 1417 (9th Cir. 1992). The defendants do not dispute that Howard had direct knowledge. Second, in order to have "independent" knowledge, the relator must be "someone who would have learned of the allegations or transactions independently of the public disclosure." *United States ex rel. Mathews v. Bank of Farmington*, 166 F.3d 853, 865 (7th Cir. 1999). The defendants do not dispute that Howard had independent knowledge. Finally, an original source must have voluntarily provided information to the government prior to filing suit. We find that Howard has set forth sufficient allegations and evidence that she voluntarily provided information to the government by alleging that: 1) she voluntarily provided information to CHA investigators when they interviewed her in February 2002, and 2) in June 2002, well before filing the initial complaint in this case on October 29 2003, she voluntarily initiated meetings with CHA investigators in order to provide further information about the embezzlement and voluntarily turn over documents substantiating and chronicling defendants' illegal withdrawals. (Howard Decl. ¶¶ 5-9.) Therefore, Howard's allegations detailing her direct and independent knowledge and her voluntary disclosure to the CHA investigators demonstrate that she satisfies the definition of an "original source." *See Matthews*, 163 F.3d at 865.

Accordingly, we find that the Howard has met her burden of asserting jurisdiction because she has set forth sufficient allegations to indicate that she qualifies as an "original source." Therefore, Urban, Terzakis, and Gardner's motion to dismiss for lack of subject matter jurisdiction is denied as to Counts I and II. Defendants' motion to dismiss is also denied as to Count III because the FCA's public disclosure bar does not apply to Howard's claim for constructive discharge and retaliation and defendants have not asserted other grounds as to why Count III should be dismissed.

## **CONCLUSION**

For the reasons set forth above, the motion by defendant Roxanne Gardner ("Gardner") to adopt [190] is granted insofar as it seeks to adopt the motion to dismiss filed by defendants Urban Investment Trust, Inc. ("Urban") and Johnny Terzakis ("Terzakis"). Defendants Urban, Terzakis, and Gardner's motion to dismiss [175] the third amended complaint is denied. Gardner's initial motion to adopt [177] is denied as moot. Defendants' motion to cite additional authority [196] is granted. Finally, Howard's motion for leave to file a fourth amended complaint [188] is granted. The amended complaint is to be filed as a separate document on or before August 28, 2009.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: July 29, 2009