# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7668 | **DATE** | 3/18/2011 |
| **CASE TITLE** | Howard vs. Urban Investment Trust, Inc. | | |

**DOCKET ENTRY TEXT**

WRITTEN Opinion by the Honorable Michael T. Mason on 3/18/11. Defendant Roxanne Gardner's Motion to Compel Discovery [345] is granted in part and denied in part. Status hearing set for 4/14/11 at 9:00 a.m.

■[ For further details see text below.]            Notices mailed by Judicial staff.

## STATEMENT

      Back in 2003, plaintiff Ann Howard ("plaintiff" or "Howard") filed suit against defendants Urban Investment Trust, Inc., Synergy Affiliates, LLC, Rudy Mulder, Roxanne Gardner and Johnny Terzakis seeking to recover damages and civil penalties on behalf of the United States of America for violations of the False Claims Act (the "Act"), 31 U.S.C. § 3729-3733. Plaintiff, a former employee of defendants, alleges that the defendants engaged in a scheme to embezzle federal subsidies from the United States Department of Housing and Urban Development ("HUD") in violation of the Act. (*See* Fourth Amended Complaint [209].) Plaintiff also includes claims for "retaliation and constructive discharge" and intentional infliction of emotional distress.

      In October 2006, after the government declined intervention, Chief Judge Holderman lifted the seal on the complaint in this matter and summons were issued. After Judge Anderson referred the case for discovery supervision, this Court set a fact discovery deadline of 8/15/07. That deadline was extended a number of times and now, some three and a half years later, we are still faced with discovery disputes. In the pending motion, defendant Gardner seeks an order compelling plaintiff to (1) answer Interrogatory No. 5 "separately and fully;" (2) answer Interrogatories No. 8 through 29; (3) provide signed and sworn answers to Gardner's Interrogatories; and (4) provide responses to Gardner's Requests for Production.

      At the outset, Gardner's request for an order directing plaintiff to sign and swear to her interrogatory answers is denied as moot. While Fed. R. Civ. P. 33 requires answers to interrogatories to be made under oath and include the answering party's signature, plaintiff reports that she has since provided defendant's counsel with a verification for her answers. (Pl.'s Resp. at 3.) Gardner did not dispute this representation in her reply and we accept it as accurate. We address each remaining issue in turn below.

<u>Interrogatory No. 5</u>

## STATEMENT

Interrogatory No. 5 provides: "Identify all facts that Roxanne Gardner failed to maintain accurate records of Urban Investment Trust's corporate finances, and acted to fraudulently disguise and cover up embezzlement of funds use for her own private purposes..." (Mot. at Ex. A.) Plaintiff objected to the interrogatory as "overly broad, unduly burdensome, vague and ambiguous." *Id.* Answering over that objection, plaintiff referred Gardner to her responses to Interrogatories No. 4 and 6. In Interrogatory No. 4, Gardner sought similar facts related to Gardner's purported conversion and embezzlement of corporate assets. Plaintiff's response to that interrogatory referenced a number of declarations and discovery documents. Gardner now seeks an order compelling a separate and complete response to Interrogatory No. 5 arguing that plaintiff's reference to a prior interrogatory response and to outside material is improper.

"Ordinarily, responses to interrogatories should not incorporate outside material by reference. Answers to interrogatories must be responsive to the question, complete in themselves, and should not refer to pleadings, depositions, other documents, or other interrogatories, at least when a reference to another interrogatory makes it difficult to ascertain if the original interrogatory has been answered completely without a detailed comparison of answers." 7-33 *Moore's Federal Practice* - Civil § 33.103. While referencing outside documents is disfavored, it is not prohibited. Courts have allowed outside reference where the reference is clear and not meant to evade answering. *See e.g. Williams v. Sprint/United Management Co.*, 235 F.R.D. 494, 501 (D. Kan. 2006) ("Plaintiffs may not answer the interrogatory by generally referring Defendant to the...documents produced...but rather must indicate with specificity where the information can be found."); *Kenney v. Shaw Industries, Inc.*, 764 F. Supp. 1501, 1503 (N.D. Ga. 1991) ("Plaintiff's incorporation by reference in this case is not an attempt to obscure its response to Defendant's interrogatory, but instead is an attempt to respond.").

Here, we find that plaintiff's response to Interrogatory No. 4 serves as a sufficient response to Interrogatory No. 5, both of which seek the factual support for Gardner's alleged misconduct. Plaintiff's references to the documents are unmistakably specific. Additionally, plaintiff's response includes parenthetical descriptions of the facts that she purports support the allegations against Gardner. While plaintiff's response is not in narrative form, the Court finds that it satisfies the requirements of Rule 33.

Interrogatories No. 8-29

With respect to Interrogatories No. 8-29, plaintiff objects on the grounds that those interrogatories violate Rule 33(a), which limits each party to a maximum of twenty-five interrogatories absent a stipulation or court order. Citing to her change of counsel, as well as the fact that plaintiff's responses to Gardner's initial interrogatories were provided years prior to the filing of the operative pleading, Gardner contends she is entitled to an order granting her leave to serve the additional twenty-two interrogatories.

It is within the discretionary authority of the Court to permit additional interrogatories in accordance with Rule 26(b)(2). Pursuant to that rule, however, the Court must limit discovery if (i) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (iii) the burden or expense outweighs the likely benefit of the discovery. Fed. R. Civ. P. 26(b)(2)(C). As plaintiff notes, the party seeking leave "must set forth a 'particularized showing' to exceed the limit of twenty-five interrogatories. *Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001) (citing *Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota*, 187 F.R.D. 578, 586 (D. Minn.1999)).

Here, Gardner is mistaken that her change of counsel warrants the additional interrogatories. *See*

| STATEMENT |
|---|

*Carson v. Bethlehem Steel Corp.,* 82 F.3d 157, 159 (7th Cir. 1996) ("There is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery. Shortcomings in [prior] counsel's work come to rest with the party represented."). We also note that some of the interrogatories seek information easily and more appropriately obtained through plaintiff's deposition, which Gardner purportedly intends to take. (*See e.g.* Mot. at Ex. A - Interrogatories No. 9 and 20.) There can also be little dispute that requiring plaintiff to answer the additional twenty-two interrogatories would be both burdensome and expensive and would further delay this already drawn out discovery process. For these reasons, Gardner's request for an order allowing all twenty-two additional interrogatories is denied. However, having reviewed both sets of interrogatories, and recognizing the factual complexities involved, we agree that allowing some additional interrogatories is appropriate. As such, Gardner is granted leave to propound ten additional interrogatories. Gardner must do so by 3/25/11.

Requests for Production

At the time Gardner filed her motion to compel, plaintiff had not yet responded to the Requests for Production, which Gardner served on 12/23/10. As such, Gardner simply sought an order compelling plaintiff to respond. In response to the motion, plaintiff reported that she fully responded to Gardner's requests on 3/7/11 despite the fact that plaintiff purportedly turned over the documents to Gardner's prior counsel and also provided "voluminous documents" to current counsel over the past few months. (Pl.'s Resp. at 3.)

In reply, Gardner admits that the parties did not meet and confer as required under Local Rule 37.2 with respect to Gardner's recent responses. Nonetheless, Gardner seeks an order compelling supplemental responses and further production with respect to almost all of her requests. According to Gardner, plaintiff's responses are deficient in that plaintiff created two "form responses, which she then reiterated as responsive to nearly all of the Production Requests." (Mot. at 4.) Among other things, those form responses indicate that all responsive documents have already been produced.

Strangely, neither party has provided the Court with Gardner's recent responses. However, as illustrated at the last status hearing, the parties' dispute appears to be a result of a breakdown in communication between the attorneys. Under these circumstances, the Court believes that the majority of the issues, if not all, can be resolved by way of a proper Local Rule 37.2 conference. *See CCC Information Services, Inc. v. Mitchell Intern., Inc.*, No. 03 C 2695, 2006 WL 3486810, *6 (Dec. 1, 2006) ("The purpose of Local Rule 37.2 is to avoid judicial intervention in matters that can be resolved through discussion and negotiation."). As such, the parties must meet and confer by 4/1/11 and discuss each disputed request for production. Plaintiff should be prepared to report which documents she contends are responsive to each request. The parties should also discuss which of those documents have already been produced or otherwise made available to Gardner's counsel. Any disputes regarding the ten additional interrogatories discussed above shall also be addressed at the conference.

For all of the above reasons, Gardner's motion is granted in part and denied in part. The parties are advised that the Court will not look fondly on any future disputes regarding these discovery requests. Gardner's request for fees is also denied. The parties should promptly notify Judge Leinenweber of this ruling so that he may determine an appropriate discovery cut-off date.