IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel*. **and ANN HOWARD, Individually,**<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>**URBAN INVESTMENT TRUST, INC.,** *et al*., **an Illinois Corporation, and its successor, RM HOLDINGS; RUDY MULDER, ROXANNE GARDNER, and JOHNNY TERZAKIS, Individuals,**<br><br>　　　　　　Defendants. | Case No. 03 C 7668<br><br>Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Ann Howard's Motion to Alter or Amend Judgment. For the reasons stated herein, the Motion is granted in part and denied in part.

### I. BACKGROUND

The Court presumes familiarity with its September 5, 2012 Opinion and therefore provides only a brief summary of the factual background here.

Relator and Plaintiff Ann Howard (hereinafter, "Howard" or "Plaintiff") sued her former employer Urban Investment Trust, Inc., along with *inter alia* its principals, Rudy Mulder ("Mulder"), Roxanne Gardner ("Gardner"), and Johnny Terzakis ("Terzakis"), (collectively, the "Defendants") for multiple violations of the

False Claims Act (the "FCA"), 31 U.S.C. § 3729 and intentional infliction of emotional distress. The crux of the case concerned Plaintiff's allegations that Defendants embezzled large sums of money from six properties owned by the Chicago Housing Authority (the "CHA") and the Department of Housing and Urban Development ("HUD"), and used such monies for their personal gain. Howard claimed when she discovered the embezzlement she was forced to falsify documents and conceal Defendants' fraud. She also claimed Defendants retaliated against her by subjecting her to harassment and constructively discharged her employment.

On March 6, 2013, Howard's jury trial commenced. After she presented her case-in-chief, Defendant Gardner moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. The Court granted this motion only as to Counts I and II, Howard's reverse false claims. The Court denied Gardner's motion with respect to Howard's retaliation claim under the FCA (Count III) and her state law claim for intentional infliction of emotional distress (Count IV). As a result, those claims were submitted to the jury.

Ultimately, the jury returned a verdict in favor of Howard on Count III and found each of the Defendants liable for retaliation in violation of the FCA. It awarded Howard a total of $125,000.00 in back pay and apportioned the award as follows: Urban - $62,500.00; Gardner - $6,250.00; Terzakis - $28,125.00; and Mulder

- $28,125.00.  The jury found in favor of Defendants with respect to Count IV.

Currently before the Court is Howard's Motion to Amend the Judgment.  She asks the Court to double back pay, and include prejudgment interest to the jury's award.  Howard also asks the judgment be amended to reflect that Defendants are jointly and severally liable.  Defendants Gardner and Mulder oppose the Motion and filed separate briefs to support their positions.

## II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend judgment.  FED. R. CIV. P. 59(e).  While the Rule does not allow parties "to advance arguments or theories that could and should have been made before the district court rendered a judgment[,]" it does provide a means for the courts to correct errors.  *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007).  To succeed on a Rule 59 motion, however, the moving party must demonstrate a manifest error of law or fact, or present newly discovered evidence that was not available previously.  *Id.*  An award of prejudgment interest may be within the scope of a Rule 59(e) motion.  *See, Osterneck v. Ernst & Whinney,* 489 U.S. 169, 175-78 (1989); *Employers Ins. of Wausau v. Titan Int'l, Inc.,* 400 F.3d 486, 488 (7th Cir. 2005).  Indeed, because prejudgment interest is "encompassed within the merits of the underlying action" it falls within the Court's discretion on a Rule 59(e)

- 3 -

motion. *Miller v. Safeco Ins. of America*, 683 F.3d 805, 814 (7th Cir. 2012). In addition to prejudgment interest, the Seventh Circuit has affirmed the use of a Rule 59 motion with respect to doubling back pay awards. *See generally, Neal v. Honeywell*, 191 F.3d 827, 832 (7th Cir. 1999).

### III. ANALYSIS

Howard requests the Court alter the judgment in two respects. First, she asks the Court to double the jury's back pay award and include prejudgment interest. Next, Howard requests that the Court find Defendants jointly and severally liable. Defendants Gardner and Mulder oppose the Motion in its entirety. Gardner argues Howard's calculations of back pay and interest are inaccurate and also contends that a finding of joint and several liability is inappropriate in light of the jury instructions and the Court's prior rulings. Mulder argues Howard waived her right to double back pay and waived her right to assert joint and several liability. The Court will address each issue in turn.

### A. Double Back Pay and Pre-Judgment Interest

In pertinent part, the anti-retaliation provision in the FCA states that a prevailing party is entitled to:

> [s]uch relief . . . [that] include[s] reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

- 4 -

31 U.S.C. § 3730(h). In this case, the jury awarded $125,000 in back pay. Howard claims she is entitled to double back pay and prejudgment interest pursuant to the statute. She calculates the award by first adding prejudgment interest and then adding the jury's initial award to the award with the interest included. Plaintiff finds support for this method in *Neal v. Honeywell, LLC*. 191 F.3d at 831-32. Specifically, Plaintiff calculates her award as follows:

| Defendant | Jury Award of Back Pay | Jury Award of Back Pay + Interest | Jury Award of Back Pay + Interest *2 |
|---|---|---|---|
| Urban Investment | $62,500.00 | $99,670.23 | $162,170.23 |
| Terzakis | $28,125.00 | $44,851.60 | $72,976.60 |
| Mulder | $28,125.00 | $44,851.60 | $72,976.60 |
| Gardner | $6,250.00 | $9,967.02 | $16,217.02 |

### 1. Doubling Back Pay

Defendants Gardner and Mulder disagree with Howard's calculations. Gardner claims Howard must subtract her mitigation pay before doubling the back pay while Mulder contends Howard waived any entitlement to back pay.

#### a. Gardner's Arguments

Gardner contends that the Court must subtract $86,019.00 from the jury's total award before adding prejudgment interest or doubling back pay. The $86,019.00 reflects the mitigation pay Howard admitted to receiving in her pretrial submissions. Thus, Gardner asks the Court to subtract $86,019.00 from the jury's total

award of $125,000.00 and then apportion the appropriate amounts amongst the individual Defendants pursuant to their respective percentages of liability.

While Gardner is correct that mitigation pay is subtracted from back pay awards, she fails to realize that the jury was instructed explicitly to take Howard's mitigation pay into account when determining the back pay award. Jury Instruction Number 22 is titled "Damages." ECF No. 472 at 22. It reads, "[i]f you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for injury that she sustained as a direct result of Defendants' conduct . . . " *Id.* It then instructs the jury to consider "any lost wages and benefits Plaintiff would have received from the Defendants if she had continued to be employed by Defendants, *minus the earning and benefits that Plaintiff received from other employment during that time . . . [.]*" *Id.* (emphasis added). Because of this, the Court rejects Gardner's contention that $86,019.00 should be subtracted from the jury award to calculate the appropriate amount of back pay.

The above jury instruction is also indicative as to why Gardner's reliance on *Wilkins v. St. Louis Housing Authority* is inapposite. *Wilkins v. St. Louis Housing Authority,* 198 F.Supp.2d 1080 (E.D. Mo. 2001). There, the court declined to follow the methodology in *Neal*, and instead subtracted mitigation pay before

doubling. *Id.* at 1088. However, in *Wilkins*, the court noted that the jury was instructed to determine the amount of the plaintiff's wages "*without deducting of earnings from other employment received by plaintiff during that time.*" *Id.* at 1088 n.11 (emphasis added).

The opposite is true here. As a result, the Court refuses to subtract an additional $86,019.00 from the jury's award of $125,000.00. As such, the Court rejects Gardner's calculations and arguments concerning the back pay award.

### b. Mulder's Arguments

Mulder also opposes Howard's Motion to double back pay. He argues Howard waived her right to double back pay by failing to raise the argument earlier. The Court disagrees.

First, Mulder's reliance on *Western Casualty & Surety Company v. Brochu*, 475 N.E.2d 872 (Ill. 1985) is unavailing. Notwithstanding the fact that *Brochu* is an Illinois Supreme Court case and non-binding on this Court, *Brochu* involved the construction of an insurance policy, not a retaliation claim under the FCA. *Id.* at 874. Moreover, the language Mulder quotes regarding waiver defeats his argument. *See,* Mulder's Combined Resp. at 7 (stating waiver arises from "the intentional relinquishment of a known right.") (citing *Brochu*, 475 N.E.2d at 878). There is nothing in the record to suggest that Howard relinquished the right to double back pay intentionally. In fact, Howard requested back pay be doubled pursuant to 31 U.S.C. § 3730

(h) in her pretrial order. *See* ECF No. 412 at 30. Accordingly, the Court finds Mulder's argument of waiver meritless.

Further support for doubling at this stage in the litigation lies in *Neal,* 995 F.Supp. at 896-898. There, the district court granted the plaintiff's Rule 59 post-trial motion with respect to doubling back pay and including prejudgment interest on the jury's award. *Id. aff'd and modified in part*, 191 F.3d 827 (7th Cir. 1999).

Finally, the Court rejects Mulder's argument that the jury awarded Howard a total of $62,500.00 and not $125,000.00. Mulder contends this is the actual award because the jury apportioned the $62,500.00 it found Urban was liable for amongst the various individual Defendants. This argument is without merit. The verdict form states clearly that the jury determined all Defendants – Urban, Gardner, Terzakis, and Mulder – were liable for Howard's retaliation claim under the FCA. *See* ECF No. 473. The jury then determined the amount for which each Defendant was liable. *Id.* There is simply no indication that jury's verdict was only for a total of $62,500.00.

Accordingly, the Court rejects both Defendants' arguments concerning back pay and finds doubling back pay appropriate under the statute.

### *2. Prejudgment Interest*

Pursuant to Section 3730(h), Howard seeks prejudgment interest. She contends that the prime rate is the "benchmark" for computing such interest and is the appropriate rate here. Mulder does not oppose the inclusion of prejudgment interest nor does he offer any arguments concerning the use of the prime rate. Gardner, on the other hand, argues that the applicable rate is that which is provided for in 28 U.S.C. § 1961(a). She insists the prime rate is not appropriate.

Generally, post judgment interest is awarded to litigants who recover money judgments in federal court. *Student Loan Marketing Ass'n v. Lipman*, 45 F.3d 173, 176 (7th Cir. 1995). Post judgment interest is calculated using 28 U.S.C. § 1961(a). The statute provides for interest from the date of judgment at a floating rate determined by the coupon yield of United States Treasury Bills and applies to "any judgment in a civil case recovered in a district court." *Travelers Ins. Co. v. Transp. Ins. Co.*, 846 F.2d 1048, 1053 (7th Cir. 1988).

Prejudgment interest is not the same as post judgment interest. *See, e.g.*, *Faraca v. Fleet 1 Logistics, LLC*, 693 F.Supp.2d 891, 894-95 (E.D. Wis. 2010). It, too, is available generally to victims of federal law violations. *Gorenstein Enter. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989). The purpose of prejudgment interest is to provide a complete remedy.

Essentially, it takes into account the fact that the prevailing party would have had access to the money had it not been for the actions of the offending party, and would have invested the money or otherwise obtained some return on it. *West Virginia v. United States,* 479 U.S. 305, 310-11 n. 2 (1987). In the Seventh Circuit, prejudgment interest is based upon the prime interest rate during the years in question. *See, Gorenstein Enter.,* 874 F.2d at 437. Generally, the decision whether to award compound or simple prejudgment interest is left to the discretion of the district court. *Am. Nat'l Fire Ins. Co. ex rel. Tabacalera Contreras Cigar Co. v. Yellow Freight Sys.,* 325 F.3d 924, 937 (7th Cir. 2003). That said, "compound prejudgment interest is the norm in federal litigation." *Id.* at 937-38 (citation omitted). If the Court declines to award compounded prejudgment interest, the Court must explain the basis for its decision. *Id*.

In *Neal*, the court applied the prime rate for each year from the date of the retaliation through the date of trial and compounded interest annually. *Neal,* 995 F.Supp. at 897. It reasoned this award was appropriate because of the "clear purpose of the remedial sections of 3730(h)." *Id.*

The Court opts to apply the same method here and after reviewing Plaintiff's calculations finds them correct. First, Howard was correct to add the prejudgment interest before doubling the back pay. *See Neal*, 995 F.Supp. at 897. Next, Howard's use of

- 10 -

the prime rate for each of the respective years is appropriate as is her decision to compound interest annually. *See id.* (stating that interest "is to be at the prime rate for each year . . . and that interest is to be compounded on a yearly basis.") Howard provides a thorough explanation of her calculations. *See* Pl.'s Mem. to Alter or Amend. J.; Ex. A, Ex. A1, ECF No. 476-1-476-2. The Court finds these are in accordance with *Neal* and adopts them.

Therefore, after adding the prime interest rate for each of the relevant years, compounding the interest annually, and then doubling the back pay, the Court finds Urban Investment liable for $162,170.23, Terzakis liable for $72,976.60, Mulder liable for $72,976.60, and Gardner liable for $16,217.02.

### B. Joint and Several Liability

Plaintiff also asks the Court to alter the judgment to make the individual Defendants jointly and severally liable for the damages assessed against Urban. Howard claims this is appropriate because the Court determined that the corporate veil had been pierced.

Gardner objects and argues that a finding of joint and several liability is inconsistent with the jury instructions and the Court's summary judgment opinion. Mulder raises similar arguments.

To pierce the corporate veil and find individual defendants jointly liable, a plaintiff must prove "(1) a unity of interest and ownership that causes the separate personalities of the

corporation[s] and the individual to no longer exist; and (2) the presence of circumstances under which adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice or promote inequitable consequences." *Quantum Color Graphics, LLC, v. Fan Ass'n Event Phot GambH*, 185 F.Supp.2d 897, 91-02 (N.D. Ill. 2002). While the Court acknowledges that the corporate veil was pierced, this does not, in it of itself, cause Defendants to be jointly and severally liable. *See id.*

Moreover, the jury was instructed explicitly that Gardner could not be liable for any damages after she severed her relations with Urban. *See* ECF No. 472 at 24. To top it off, the verdict form instructed the jury to assess damages against each of the Defendants and stated that if any of the Defendants were not liable then damages could not be assessed against them. *See* ECF No. 473. These instructions are not indicative of joint and several liability. *Cf. Cantleberry v. Physician Care, Ltd.*, No. 07-C-5695, 2009 U.S. Dist. LEXIS 30949 at *11-12 (N.D. Ill. Apr. 8, 2009) (finding that because a jury's verdict form did not require separate calculations for each claim or each defendant, defendants were jointly and severally liable for attorneys' fees and costs.). Instead, the verdict form clearly apportioned the responsibility for each Defendant. Because of this, the Court declines to amend the judgment to reflect Defendants as being jointly and severally liable. These reasons combined with the fact that Howard has

failed to demonstrate that the judgment contains "a manifest error of law" causes the Court to deny the motion to hold Defendants' jointly and severally liable. *Duran v. Town of Cicero*, 653 F.3d 632, 643 (7th Cir. 2011).

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Alter or Amend [ECF No. 468] is granted in part and denied in part.

The Court finds Urban Investment liable for $162,170.23, Terzakis liable for $72,976.60, Mulder liable for $72,976.60, and Gardner liable for $16,217.02.

The Court declines to amend the judgment to reflect Defendants as being jointly and severally liable.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** August 22, 2013