IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ANN HOWARD,<br><br>Plaintiff,<br><br>vs.<br><br>URBAN INVESTMENT TRUST, INC., RM HOLDINGS, RUDY MULDER, ROXANNE GARDNER, and JOHNNY TERZAKIS, *et al.*,<br><br>Defendants. | Case No. 03-CV-07668<br><br>Judge Harry D. Leinenweber |

**DEFENDANT RUDY MULDER'S RULE 58(D) MOTION
FOR ENTRY OF JUDGMENT IN SEPARATE DOCUMENT**

Defendant Rudy Mulder ("Mulder"), by and through his attorneys, and pursuant to Federal Rule of Civil Procedure 58(d), respectfully requests the Court to enter an appealable amended judgment in a separate document as is required by Federal Rule of Civil Procedure 58(a). In support of this Motion, Mulder respectfully states as follows:

**INTRODUCTION**

1. On March 12, 2013, the jury returned its verdict in this case. On March 13, 2013, the Clerk of the Court purported to enter a judgment (the "March 13, 2013 Judgment"). Since the entry of the initial judgment order, the parties have filed post-trial motions and the Court has granted, in part, Plaintiff's motions. As set forth below, the Court has yet to enter a final appealable judgment order because: (1) the March 13, 2013 Judgment did not dispose of all claims against all parties as required by, *inter alia*, Federal Rule of Civil Procedure 54(b); and (2) the Court granted a motion to amend the judgment, but has not yet entered an amended

judgment order as is required by Federal Rule of Civil Procedure 58(a) and established Seventh Circuit precedent. Accordingly, after the Court rules on the latest round of post-trial motions, the Court must direct the Clerk of the Court to enter an amended judgment.

## BACKGROUND

2. On March 13, 2013, after a jury trial, the Clerk of the Court entered the March 13, Judgment, titled "ENTERED JUDGMENT." It provided as follows:

> IT IS HEREBY ORDERED AND ADJUDGED that Judgment is hereby entered in favor of the plaintiff Annie Howard and against the defendants on Count III and in favor of the defendants against the plaintiff on Count IV. Judgment is also entered in favor of the defendant Roxanne Gardner on Counts I, and II.

(Dkt. 471, attached hereto as **Exhibit 1**.)[1] The March 13, 2013 Judgment did not dispose of all claims against all parties – it did not address Counts I and II against Defendants Mulder, Urban Investment Trust, Inc., or Johnny Terzakis. The March 13, 2013 Judgment also does not dispose of the attorneys' fee claims, which, as explained below, are claims for statutory "special damages" under 11 U.S.C. § 3730(h). Nor does any docket entry resolve Counts I and II against all parties or describe the attorneys' fees.

---

[1] The March 13, 2013 Judgment did not set forth the dollar amounts awarded by the judgment. However, a separate docket entry stated as follows:

> Defendant Roxanne Gardner's oral motion for a mistrial is denied. As to Verdict Form No. 1, the jury find with respect to Ms Howard's retaliation claim against defendants and assess back pay as follows: Urban Investment Trust in the amount of $62,500.00; Roxanne Gardner in the amount of $6,250.00; John Terzakis in the amount of $28,125.00; and Rudy Mulder in the amount of $28,125.00. As to Verdict Form No. 2, the jury finds in favor of the defendants Urban Investment Trust, Roxanne Gardner, John Terzakis and Rudy Mulder with respect to Ms. Howard's claim for intentional infliction of emotional distress. Judgment is hereby entered in favor of the plaintiff and against the defendants on Count III and in favor of the defendants against the plaintiff on Count IV. Judgment is also entered in favor of the defendant Roxanne Gardner on Counts I, and II, the court having granted a motion for judgment as a matter of law. Trial ends-jury.

(Dkt. 470.) Like the March 13, 2013 Judgment, this docket entry does not resolve Counts I and II against Defendants Mulder, Johnny Terzakis, or Urban Investment Trust, Inc.

3. On March 15, 2013, pursuant to Federal Rule of Civil Procedure 59(e),[2] Plaintiff filed a Motion to Alter or Amend the Judgment to Include Back Pay, Prejudgment Interest and Joint and Several Liability. (Dkt. 468.) Pursuant to the Court's briefing schedule, on April 4, 2013, Plaintiff filed a Memorandum in Support of Motion to Alter or Amend the Judgment to Include Back Pay, Prejudgment Interest and Joint and Several Liability. (Dkt. 476.) Also on April 4, 2013, Plaintiff filed two motions for attorneys' fees. (Dkts. 477 & 484.)

4. On April 9, 2013, less than 28 days after the March 13, 2013 Judgment was entered, Mulder filed a motion (the "Motion to Vacate") to: (1) vacate the March 13, 2013 Judgment and grant a new trial; and (2) set a briefing schedule on the Motion to Vacate. (Dkt. 489.) On April 16, 2013, the Court entered and continued the motion. (Dkt. 497.) The Court has not ruled on the Motion to Vacate or set a briefing schedule.

5. On August 22, 2013, the Court partially granted Plaintiff's motion to amend the judgment. (Dkt. 507, attached hereto as **Exhibit 2**). Among other things, the Court increased the amount of the Defendants' liability by adding prejudgment interest and doubling the damages. The Court did not enter a separate document reflecting an amended judgment. Nor is there any docket entry reflecting an amended judgment.

6. On September 9, 2013, the Court partially granted Plaintiff's motions for attorneys' fees. (Dkt. 511, attached hereto as **Exhibit 3**.) While the Court's order awarded Plaintiff "special damages" under 11 U.S.C. § 3730(h) for her attorneys' fees, the Court did not enter a separate amended judgment reflecting the attorneys' fees awarded as damages.

---

[2] The original cover motion (Dkt. 468) purports to be a motion under Rule 58(b)(2)(B), but does not seek any relief under that section. The motion sought relief available under Rule 59(e). Moreover, the memorandum Plaintiff filed in support of the motion seeks relief under Rule 59(e). (Dkt. 476 at p. 2.) The Court's opinion deciding the motion construes it as a Rule 59(e) motion. (**Exhibit 2**, at p. 3.)

**REASONS AN AMENDED JUDGMENT IS NECESSARY**

7. There are two reasons why the Court must enter a separate document on the docket reflecting an amended judgment. <u>First</u>, the March 13, 2013 Judgment does not resolve all claims against all parties. <u>Second</u>, on September 9, 2013, the Court granted Plaintiff's motion to amend the March 13, 2013 Judgment pursuant to Rule 59(e), but has not entered a separate document reflecting an amended judgment. The Seventh Circuit has held that when a court grants a motion to amend a judgment under Rule 59(e), the Clerk of the Court must enter a separate document on the docket reflecting the amended judgment before the appeal clock starts running.

**I.    The March 13, 2013 Judgment Does Not Adjudicate All Claims Against All Parties.**

8. The Court's March 13, 2013 Judgment does not adjudicate all claims against all parties. (**Exhibit 1**.) Federal Rule of Civil Procedure 54(b) requires the document to resolve *all* claims against *all* parties. "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action." Fed. R. Civ. P. 54(b). In addition, 28 U.S.C. § 1291, which vests appellate jurisdiction in the Court of Appeals, only permits appeals "from all final decisions of the district courts." *See Cent. States, Se. & Sw. Areas Pension Fund v. Carstensen Freight Lines, Inc.*, 172 F.3d 52 (7th Cir. 1999). The Seventh Circuit will dismiss any appeal that does not resolve all claims of all parties. *E.g., Miller v. Turner*, 210 F.3d 375 (7th Cir. 2000); *Arnold v. Indianapolis Airport Auth.*, 7 F.3d 238 (7th Cir. 1993); *Brown v. United States*, 976 F.2d 1104 (7th Cir. 1992). The March 13, 2013 Judgment does not resolve all claims as to all parties. Specifically, it does not address Counts I or II regarding Defendants Mulder, Urban Investment Trust, Inc., or Johnny Terzakis. (*See* **Exhibit 1**.)

9. The judgment also does not resolve Plaintiff's claims for attorneys' fees, which are damages under 11 U.S.C. § 3730(h)(2) and therefore must be entered in the judgment. While attorneys' fees normally are not reflected in the judgment (and do not stay the time for motions to amend the judgment or for appeal), 11 U.S.C. § 3730(h) is one of only three federal statutes that treats attorneys' fees as damages, not costs. *Neal v. Honeywell, Inc.*, 191 F.3d 827, 831-32 (7th Cir. 1999). Since the fees are damages and not costs, they are part of Plaintiff's claim and must be reflected in an amended judgment set forth in a separate document pursuant to Federal Rule of Civil Procedure 58(a). *See Soo Line R. Co. v. Escanaba & Lake Superior R. Co.*, 840 F.2d 546, 549 (7th Cir. 1988) ("The judgment entered in this case is defective because it does not specify the relief to which the prevailing parties are entitled. The Soo could not execute on a judgment saying that its motion for summary judgment is granted. To be final, a judgment must be self-contained and *specify the relief awarded*; it is not enough to refer parties to the court's opinion" (emphasis added).).[3]

## II. The Court Amended the Judgment but Has not Entered a Separate Document Reflecting the Amended Judgment.

10. The Court has not yet entered a separate judgment order reflecting its September 9, 2013 decision enlarging the judgment. The Seventh Circuit, however, requires the Court to do so before the appeal clock starts running. *Employers Ins. of Wausau v. Titan Intern., Inc.*, 400 F.3d 486 (2005).

11. In *Wausau*, on November 14, 2003, the district court entered a judgment on the underlying liability. The parties filed timely Rule 59(e) motions seeking to modify the judgment. The district court denied the defendant's motion, but granted plaintiff's motion seeking costs and

---

[3] Contemporaneously herewith, Mulder has filed a Motion to Amend and Correct the Court's Order Awarding Attorneys' Fees.

prejudgment interest. More than 30 days *after* the district court denied the motion, the district court entered an amended judgment order reflecting the amended judgment, including the award of prejudgment interest. The defendants filed a notice of appeal of the amended judgment within 30 days of the entry of the amended judgment, but more than 30 days after the district court's memorandum opinion and order granting the plaintiff's motion to amend. On appeal, the plaintiff argued that the appeal should be dismissed because it was untimely – *i.e.*, filed more than 30 days after its motion to amend was granted. *Id.* at 488.

12. The Seventh Circuit rejected the plaintiff's argument. The Court of Appeals "reconcile[d] the requirement that an amended judgment be set forth in a separate document with the exception to that requirement for an order disposing of a Rule 59(e) motion … by reading 'disposing of a motion' as 'denying a motion.'" *Id.* at 489. In other words, the Seventh Circuit held that when the district court grants a motion to amend the judgment, Rule 58(a) requires it to set forth the amended judgment in a separate document. The time for appeal starts running from the entry of the amended judgment, or if for some reason the amended judgment is never entered, 150 days from the district court's order on the motion. *Id.*

13. Likewise, in *Kunz v. DeFelice*, 538 F.3d 667 (7th Cir. 2008), the defendant timely filed a motion under Rule 59 seeking a *remittitur* reducing the plaintiff's punitive damages award. The court granted the *remittitur* on April 19, 2006, but did not enter a separate amended judgment on the docket. Defendant filed a notice of appeal on October 19, 2006, more than 30 days after the court ruled on his motion. On appeal, the plaintiff moved to dismiss the appeal, arguing it was untimely because it was field more than 30 days after the court granted the Rule 59 motion. The Seventh Circuit, however, expressly reaffirmed *Wausau*, again holding that Rule 58(a) requires the district court to enter on the docket a separate document reflecting the

amended judgment. Since the district court never entered such a document, the amended judgment was deemed filed 150 days after the district court granted the defendant's motion. Consequently, the defendant's appeal was timely. *Id.* at 672-74.

14. Here, on August 22, 2013, the Court partially granted Plaintiff's motion to amend the judgment. (**Exhibit 2**.) Both *Wausau* and *Kunz* require the Court to enter a separate document setting forth the amended judgment to start the 30-day appeal clock. The Court, however, has not done so. Nor is there any docket text that could even arguably substitute for a separate document setting forth the judgment. *See Properties Unlimited, Inc. Realtors v. Cendant Mobility Servs.*, 384 F.3d 917, 920 (7th Cir. 2004) (applying Seventh Circuit's unique rule permitting docket text sometimes to fulfill Rule 58's separate-document requirement). The Court's Memorandum Opinion and Order of August 22, 2013 granting, in part, Plaintiff's motion to amend does not satisfy the requirements of Rule 58(a), as interpreted by the Seventh Circuit in *Wausau* and *Kunz*. Instead, the Clerk of the Court must docket an amended judgment. *Wausau*, 400 F.3d at 489; *Kunz*, 538 F.3d at 672-74.[4]

15. Therefore, to avoid any confusion, after the Court determines the correct amount of attorneys' fees to award as damages against each Defendant, the Court should direct the Clerk of the Court to enter a separate amended judgment on the docket, disposing of all claims against all parties and setting forth the total judgment amounts, including attorneys' fees, as to each Defendant. To simplify matters and align all deadlines for filing a notice of appeal, the Court should enter the judgment document on the same day it resolves Mulder's contemporaneously-filed Motion to Amend the Court's Order Awarding Attorneys' Fees.

---

[4] Finally, Mulder notes that the Court has not yet ruled on his Motion to Vacate. (Dkt. 489.) The motion remains pending, and the Court has not set a briefing schedule. (Dkt. 497.) This is yet another reason why there is no final judgment order entered in this case. Nevertheless, if the Court grants this motion and enters a complete and amended judgment, as is required, Mulder will withdraw his Motion to Vacate.

WHEREFORE, Mulder respectfully requests that the Court: (1) enter a separate document on the docket, signed by the clerk, reflecting the amended judgment, that: (a) disposes of all claims against all parties; and (b) reflects the complete dollar judgment amount against each party, including attorneys' fees awarded as special damages pursuant to 11 U.S.C. § 3730(h); and (2) grant such further relief as it thinks just and proper.

Dated: October 7, 2013                                  Respectfully submitted,

                                                                                        **RUDY MULDER**

                                                               By:   /s/ Steven C. Moeller
                                                                           One of His Attorneys

Jonathan M. Cyrluk (Ill. Bar No. 6210250)
Steven C. Moeller (Ill. Bar No. 6290263)
CARPENTER LIPPS & LELAND LLP
180 North LaSalle Street, Suite 2640
Chicago, Illinois 60601
(312) 777-4300 (phone)
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

**CERTIFICATE OF SERVICE**

      Steven C. Moeller, an attorney, hereby certifies that he caused a true and correct copy of the foregoing ***Defendant Rudy Mulder's Rule 58(d) Motion for Entry of Judgment in Separate Document*** to be filed with the Clerk of the Court and served upon all parties and counsel of record via the Court's CM/ECF system and by mail on the following parties:

    Johnny Terzakis
    Main Santa Monica County Jail Facility
    Main Jail Complex
    885 North San Pedro Street
    San Jose, CA 95110

on October 7, 2013.

                                                  /s/ Steven C. Moeller