**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* **ANN HOWARD,**<br><br>        Plaintiff,<br><br>    v.<br><br>**URBAN INVESTMENT TRUST, INC.,** *et al.*,<br><br>        Defendants. | Case No. 03 C 7668<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

This case has reached its twilight years. The Complaint was filed originally in October 2003, with its most recent iteration filed in August 2009. Plaintiff-Relator Ann Howard complained that Defendant Urban Investment Trust, her former employer, embezzled government funds in violation of the False Claims Act. The case proceeded to a jury trial, which was held in March 2013. Counts I and II were resolved by a directed verdict in favor of the Defendants. The jury returned a verdict for Plaintiff on Count III and for Defendants on Count IV. Subsequently, the Court doubled the damages assessed on Count III and added prejudgment interest. The Court also awarded attorneys' fees to Plaintiff's counsel.

A variety of Motions are pending before the Court. Plaintiff has moved for leave to file an amended bill of costs instanter. Defendants have asked the Court to grant a new trial, correct a

mathematical error in the Court's opinion granting fees, apportion liability for fees and costs according to fault, and enter judgment in a separate document.

## II. ANALYSIS

### A. Mulder's Rule 59 Motion

First, Defendant Rudy Mulder filed a Motion under Rule 59 asking the Court to vacate the judgment or grant a new trial. He argues that the judgment is defective because it does not resolve Counts I and II as to all parties. But Mulder's premise is incorrect: the Court granted judgment as a matter of law in favor of all Defendants on those counts, even though only one Defendant had filed the Motion. The docket's reference to "Defendant Roxanne Gardner's motion" does not diminish the force of the Court's order, which, as explained in open court on Monday, March 11, 2013, applies to all Defendants because Plaintiff failed to meet her burden on an essential element of her case.

Next, Mulder argues that Count III, Plaintiff's retaliation claim, should not have been submitted to the jury. Plaintiff testified to a variety of events that could have constituted the requisite adverse employment action. In addition, as the Court explained last March when ruling on the Rule 50 motion, Plaintiff submitted sufficient evidence on the issue of piercing the corporate veil to hold the individual defendants liable for the retaliation. Mulder also contests the jury instructions used for

Count III.  The Court instructed the jury that Plaintiff could succeed on her retaliation claim only if she proved that "Defendants committed acts of harassment and/or discrimination" and that "these acts were motivated, at least in part, to prevent Plaintiff from bringing an action under the False Claims Act." ECF No. 472, Instr. 20.  This instruction was consistent with the standard established by statute.  31 U.S.C. § 3730(h).  The Court sees no basis to grant a new trial under Rule 59.

Finally, Mulder argues that the Court erred in denying his emergency motion to reset the trial date and his motion to sever issues for trial.  The Court sees no reason to revisit its prior holding that denied those motions.  There is no new evidence, and Mulder cannot show that the Court's decision was a manifest error of law or fact.  *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004).  For these reasons, the Court denies Mulder's Rule 59 Motion [ECF No. 489] without the assistance of additional briefs from the parties.

### B.  Plaintiff's Bill of Costs

Plaintiff filed a Motion for Leave to File a Revised Bill of Costs Instanter.  When the Court ruled on Plaintiff's previous bill of costs, the Court explained that Plaintiff had sought reimbursement for non-recoverable expenses, such as "travel and other personal expenses." ECF No. 511 at 22.  The Court declined to go through the bill of costs line by line, and thus instructed

Plaintiff to file a revised bill of costs within seven days. Plaintiff's amended bill of costs was filed fourteen days later. Plaintiff attests that the error was caused by a clerical oversight. Defendants do not argue that they suffered any prejudice by the seven-day delay. Local Rule 54.1, which allows for taxation of costs, allows a party to file its bill of costs up to 30 days after the entry of a judgment allowing costs. Plaintiff's amended bill of costs was filed well within 30 days of the Court's order granting Plaintiff leave to file an amended bill of costs. Therefore, the Court excuses the tardy filing and grants the Motion for Leave to File Instanter [ECF No. 512].

As to the bill of costs itself, the Court may grant costs if it can "determine that the expenses are allowable cost items and that the costs are reasonable, both in amount and necessity to the litigation." *Weihaupt v. Am. Med. Ass'n,* 874 F.2d 419, 430 (7th Cir. 1989). Plaintiff's amended bill of costs contains a list of line items, a number of which are not specific enough for the Court to grant the cost. Many of the line items include only a date, an amount, and the phrase "copying costs." Other entries say only "transcript of dep," without indicating whose deposition. There are duplicate entries, such as two for "subpoena fee to process server for Johnson & CHA," and the Court has no way to know why that expense was incurred twice. These entries do not allow the

Court to determine that the expenses are reasonable in amount, necessary for the litigation, and not duplicative.

Those deficiencies notwithstanding, the following line items are recoverable:

1. the filing fee ($150);

2. duplication of disclosures, production, and litigation with bates labeling ($419.45, $455.35, and $ 2504.37; **total $3,379.17**);

3. court reporter charges ($377.90, $225.90, and 381.70 on page 4; $28.35, $765.45, $1908, and $712.80 on page 6, $1,495.80 on page 7; **total $5,855.10**);

4. deposition charge ($1,124.35, $1,292.95, $822.15, $150, $431.85, $2,096.65, $869.15, and $789.75; **total $7,576.85**);

5. transcript and video charges ($176.60, $880.75, and $320.05; **total $1,377.40**);

6. all of the "subpoena served," "summons fees," and "witness and subpoena fees" ($95, $45, $55, $60, $45, $50, $50, $55, $55, $55, $68.94, and $41.66 on page 6; $55, $55, $55, and $55 on page 7; $43.66, $41.44, $40.89, $40.33, $40.33, $50.43, $41, $55.21, $55, $55, $55, $55, and $55 on page 8; **total $1,523.89**)

Thus, the Court awards total costs of $19,862.41. The Bill of Costs indicates that $6,510.60 has already been paid, so that amount must be subtracted from the total costs owed. Therefore, the total left for Defendants to pay is **$13,351.81**. The Court taxes that amount against Defendants in favor of Plaintiff.

## C. Defendants' Motions to Amend the Fee Order

Next, Defendant Mulder filed a Motion to Amend the Court's order on fees. That Motion notes correctly that the Court miscalculated the amount of the lodestar reduction. The Court indicated that it was applying "a 60% lodestar reduction." ECF No. 511 at 21. For attorneys John and Caitlyn DeRose, the Court did exactly that. But for Robin Potter & Associates and Ronald E. Osman & Associates, the Court applied inadvertently a 40% reduction (which reduced the amount *to* 60% instead of *by* 60%). The Lodestar figure for Robin Potter & Associates was $1,079,095.21, so the correct fee amount is $431,638.08. The Lodestar figure for Ronald Osman & Associates was $14,153.50, so their correct fee amount is $5,661.40.

Defendant Mulder then requests that the Court apportion liability for fees and costs according to the jury's verdict. Plaintiff requests that the Court impose joint and several liability for fees and costs. Generally, it is inappropriate for a court to impose joint and several liability where each defendant is liable for a discrete amount of damages. *Shakman v. Democratic Org. of Cook County,* 634 F.Supp. 895, 904 (N.D. Ill. 1986). But that is not the case here, as there is no basis to say that the division of time spent litigating the cases against each Defendant aligns with the jury's apportionment of fault for the underlying misconduct. Rather, it appears that the attorneys' fees and the

taxable costs are indivisible because the issues in this case were the same or similar against each defendant. The jury's findings as to liability for the underlying misconduct do not bear on the issue of the appropriate distribution of responsibility for fees.

In this case, the Court pierced the corporate veil to hold the individual Defendants liable after it found that Urban Investment Trust was a sham organization. The individual Defendants cannot now hide behind their bogus company, which is now insolvent, to escape their obligation to pay these fees and costs for which they all bear responsibility. It is irrelevant that the fees are considered special damages; regardless of classification, they derive from the time the attorneys spent litigating the case. Therefore, the Defendants' liability for the fees, as well as the costs discussed above, shall be joint and several. Defendant Mulder's Motion to Amend the Order on Fees [ECF No. 519] is therefore granted in part and denied in part.

Defendant Gardner's Motion [ECF No. 521], which raises the same two issues that Defendant Mulder raised, is granted in part and denied in part for the reasons just discussed.

### D. Mulder's Motion to Enter Judgment in a Separate Document

Finally, Defendant Mulder moves this Court to enter judgment in a separate document. On March 13, 2013, after the Court had directed a verdict on two counts and the jury had returned its verdicts on the other two counts, the Court entered judgment in a

separate document. ECF No. 471. The judgment resolved completely Counts III and IV. As to Counts I and II, the document says that judgment is "entered in favor of the Defendant Roxanne Gardner." Defendant Gardner filed the Motion for a Directed Verdict on Counts I and II, but as explained above, the Court's judgment was intended to apply to all Defendants. The remaining Defendants are entitled to have judgment entered in their favor in a separate document. Therefore, to reflect fully the Court's disposition of this case from March 2013, the Court will enter an amended judgment order. Defendant Mulder's Motion for the Court to enter judgment in a separate document [ECF No. 517] is granted.

### III. CONCLUSION

For the reasons stated herein, the Court rules as follows:

1. Defendant Mulder's Rule 59 Motion [ECF No. 489] is denied.

2. Plaintiff's Motion for Leave to File a Revised Bill of Costs Instanter [ECF No. 512] is granted. The Court awards total costs of $19,862.41, of which $6,510.60 has already been paid, so the Court taxes $13,351.81 against Defendants in favor of Plaintiff.

3. The Motions to Amend the Order on Fees [ECF Nos. 519 and 521] are granted in part to correct two arithmetic errors, but denied in part as to apportionment of liability. Defendants shall be jointly and severally liable for fees and costs.

4. Defendant Mulder's Motion for the Court to enter judgment in a separate document [ECF No. 517] is granted.  The Court will enter an amended judgment order that sets out the complete disposition of this case.

**IT IS SO ORDERED.**

                                       Harry D. Leinenweber, Judge
                                       United States District Court

Date:3/5/2014